# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| ENRIQUE MEDINA MIRANDA, | : | MOTION TO VACATE |
| Movant, | : | 28 U.S.C. § 2255 |
| | : | |
| v. | : | CRIMINAL ACTION NO. |
| | : | 1:17-CR-263-AT-JKL |
| | : | |
| UNITED STATES OF AMERICA, | : | CIVIL ACTION NO. |
| Respondent. | : | 1:18-CV-2743-AT-JKL |

## FINAL REPORT AND RECOMMENDATION

Movant, a federal prisoner, has filed a motion under 28 U.S.C. §2255 to vacate his sentence on the grounds that his trial counsel was ineffective by failing to move to suppress the fruits of a traffic stop. (Doc. 33). The Court held an evidentiary hearing on April 23, 2019, and July 25, 2019, at which Movant and his plea counsel, Eli Brown-Bennett, testified. (Docs. 50, 60). For the following reasons, the undersigned recommends that the motion to vacate be **DENIED**.

## I. BACKGROUND

Movant was arrested following a traffic stop by a Doraville police officer for a traffic violation during which the officer searched Movant's car and found a paper bag filled with 1.68 kilograms of heroin.[1] PSR ¶9. Represented by counsel and

---

[1] During the plea hearing, the Government indicated that a Georgia State Patrol trooper stopped Movant [Doc. 37 at 10-11]; however, the PSR states that it was a Doraville police officer. PSR ¶9.

through an interpreter, Movant entered a guilty plea to possession with the intent to distribute heroin before U.S. District Judge Amy Totenberg and later was sentenced to 51 months of imprisonment with credit for time he already had served. (Doc. 23-1; Doc. 30). Movant did not appeal his conviction and sentence.

On June 1, 2018, Movant filed a *pro se* motion to vacate his sentence pursuant to 28 U.S.C. §2255. (Doc. 33). Movant complained that Mr. Brown-Bennett was constitutionally ineffective by failing to file a motion to suppress the evidence gathered as a result of the traffic stop and by failing to file an appeal. (Doc. 33). The Court granted the parties' requests for an evidentiary hearing [Doc. 41], appointed James Wesley Bryant as counsel for Movant [Doc. 44], and held an evidentiary hearing over two days on April 23, 2019 and July 25, 2019. (Docs. 50, 60). Both parties have filed post-hearing briefs [Docs. 64, 67, 71], and Movant has withdrawn his argument that Mr. Brown-Bennett was ineffective for failing to file an appeal. (Doc. 64 at 4 n.1). The only remaining issue, then, is whether Mr. Brown-Bennett was constitutionally ineffective for failing to file a motion to suppress the evidence gathered from the traffic stop. Relatedly, Movant also contends in his post-hearing briefing that Mr. Brown-Bennett was ineffective because he failed to advise Movant about the right to file a motion to suppress so that Movant could make an informed choice. (*See* Doc. 71). For the following reasons, I find that Movant did not receive constitutionally ineffective assistance of counsel.

## II.   APPLICABLE LAW

### A.   Standard of Review

Under 28 U.S.C. §2255, a defendant sentenced by a federal court can attack the sentence on any one of four different grounds: "(1) that the sentence was imposed in violation of the Constitution or laws of the United States, (2) that the court was without jurisdiction to impose such sentence, (3) that the sentence was in excess of the maximum authorized by law, and (4) that the sentence is otherwise subject to collateral attack." *Hill v. United States*, 368 U.S. 424, 426-27 (1962) (internal quotation marks and citations omitted); *see generally United States v. Hayman*, 342 U.S. 205 (1952). "[T]o obtain collateral relief a [petitioner] must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982). The petitioner must establish that the facts surrounding his claim present "exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent." *Bowen v. Johnston*, 306 U.S. 19, 27 (1939).

### B.   Ineffective Assistance of Counsel

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court held that to prevail on a claim of ineffective assistance of counsel, a petitioner challenging his conviction must demonstrate both (1) that his or her counsel's performance was deficient and (2) that the deficiency prejudiced the defense. *Wiggins v. Smith*, 539

U.S. 510, 521 (2003) (citing *Strickland*, 466 U.S. at 687 (1984)).  To establish deficient performance, the petitioner is required to establish that "counsel's representation 'fell below an objective standard of reasonableness.'" *Wiggins*, 539 U.S. at 521 (quoting *Strickland*, 466 U.S. at 688)).  To establish prejudice, the petitioner must prove a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694; *Allen v. Secretary, Fla. Dep't of Corr.*, 611 F.3d 740, 750 (11th Cir. 2010).  The court may "dispose of ineffectiveness claims on either of its two grounds." *Atkins v. Singletary*, 965 F. 2d 952, 959 (11th Cir. 1992); *see Strickland*, 466 U.S. at 697 ("[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one.").

*Strickland*'s two-pronged test applies to counsel's representation of a defendant in connection with a guilty plea. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985).  To demonstrate counsel's ineffective assistance after entering a plea, the petitioner must show that his or her "counsel's constitutionally ineffective performance affected the outcome of the plea process," *id.* at 59, by "convinc[ing] the court that a decision to reject the plea bargain would have been rational under the circumstances," *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010). *See also Jackson v. United States*, 463 F. App'x 833, 835 (11th Cir. 2012) ("If [the movant] cannot

4

establish both that counsel misadvised him and that a decision not to plead guilty would have been rational, his claim that his guilty plea was not knowing and voluntary due to counsel's ineffectiveness will fail."). "[A] petitioner's bare allegation that he would not have pleaded guilty is insufficient to establish prejudice under *Strickland*." *Roach v. Roberts*, 373 F. App'x 983, 985 (11th Cir. 2010) (per curiam) (citation omitted).

### III.   ANALYSIS

**A.   Evidence Presented at the Evidentiary Hearing**

On July 25, 2017, a Doraville police officer stopped Movant for not using his turn signal when changing lanes. (Hr'g Tr. II [Doc. 62] at 17).[2] Movant testified that he has been driving for approximately eighteen years, has an American driver's license, knows that he is required to use a turn signal when changing lanes or making turns, always uses a turn signal, and on that date he did, in fact, use a turn signal to change lanes before the police officer stopped his car. (Hr'g Tr. I [Doc. 61] at 25).

Mr. Brown-Bennett testified that based on his assessment of the evidence and in his professional judgment he felt that Movant was most likely to get the best possible outcome by pleading guilty and cooperating with the Government instead of filing a motion to suppress. (Hr'g Tr. II at 9-11). Specifically, through his

---

[2]   All documents are referenced according to the page numbers given by the Adobe File Reader linked to the Court's case file database ("CM/ECF").

investigation of the case Mr. Brown-Bennett learned that the Drug Enforcement Agency ("DEA") had been working with a confidential informant, had placed Movant under surveillance including his apartment and cellular telephone, had intercepted communications between the informant and Movant, and, as a result of those communications, believed that Movant was on his way to a heroin deal on July 25, 2017, when he was stopped and arrested. (*Id.* at 9-11, 16, 18-20, 27). Based on all that information, Mr. Brown-Bennett believed that even if the reason for stopping Movant – *i.e.,* for allegedly failing to use a turn signal – was invalid, the results of the surveillance would have provided ample reasonable suspicion to pull Movant over and, therefore, any motion to suppress would not likely succeed. (*Id.* at 9-11, 16, 18-19, 21-22, 27-28).

Even more importantly, the Government had provided Mr. Brown-Bennett with an offer which, if Movant accepted and then cooperated with the Government, had the possibility of substantially departing downward from the mandatory minimum ten-year sentence.[3] (Hr'g Tr. II at 9-11). Mr. Brown-Bennett knew that if Movant had filed a motion to suppress, the Government likely would have withdrawn the offer. (*Id.* at 11). In Mr. Brown-Bennett's opinion, Movant's most favorable outcome would be as the result of a cooperation agreement rather than a motion to suppress. (*Id.*).

---

[3] *See* 21 U.S.C. §841(b)(1)(A)(i).

Based on that agreement, Mr. Brown-Bennett negotiated, and Movant received, the maximum three-level adjustment for acceptance of responsibility and a two-point offense level reduction under the safety valve provision for successfully debriefing with the Government, which allowed the Court to sentence Movant to a lower sentence than the ten-year mandatory statutory minimum. (Hr'g Tr. II at 9-13; Plea Agreement [Doc. 23-1]; Sentencing Tr. [Doc. 38]). Without any further adjustments, Movant's guideline range would have been between 57 and 71 months. (Sent. Tr. [Doc. 38] at 3).

At the sentencing hearing, the Court found Movant's lack of criminal history and "productivity while living in the United States in support of his family" to be worthy of an additional one-level reduction under 18 U.S.C. §3553(a). After applying all of the reductions, Movant's revised guideline range was between 51 and 63 months. (Sent. Tr. at 4). During Movant's sentencing hearing Mr. Brown-Bennett asked the Court to impose the lowest possible sentence of 51 months based on Movant's acceptance of responsibility, highlighting the fact that Movant did not try to suppress any evidence and that he had cooperated with law enforcement. (Sent. Tr. at 6-7, 11). The Court agreed with counsel, and sentenced Movant to 51 months. (Sent Tr. at 11; Doc. 30).

### B. Discussion

##### 1. *Movant Has Not Demonstrated Any Deficiency In Mr. Brown-Bennett's Representation.*

Mr. Brown-Bennett's decision not to pursue a motion to suppress was based on several factors: (1) the Government had offered significant reductions in Movant's sentence based on his cooperation and acceptance of responsibility; (2) Mr. Brown-Bennett believed that if he filed a motion to suppress the Government would have withdrawn that very favorable offer; (3) he did not think that he would win a motion to suppress because he believed the police had articulable suspicion to stop Movant's vehicle based on their previous surveillance of Movant and their knowledge that Movant was about to deliver drugs; (4) he thought Movant would get the most favorable outcome by pursuing a plea with a cooperation agreement; and (5) with a plea Movant only would be accountable for the drugs found in his car whereas it was possible that additional charges could have been brought against Movant and more drugs could have been attributed to him based on the larger drug conspiracy. The fact that Mr. Brown-Bennett was trying to achieve the most favorable outcome for Movant was nothing other than a reasonable professional decision. *See, e.g., United States v. Millender*, 635 F. App'x 611, 616 (11th Cir. 2016) (finding counsel was not deficient for failing to file motion to suppress where any such motion could have triggered "severe and negative consequences" to defendant, including additional charges being brought against him and potentially

increasing his sentence); *United States v. Cervantes*, 267 F. App'x 741, 742 (10th Cir. 2008) (finding counsel's decision to pursue a plea agreement instead of filing a brief to support the motion to suppress previously filed was not deficient performance since the Government indicated that it would not support a downward departure if the defendant pursued the motion to suppress); *Hitchcock v. Secretary, Dep't of Corr.*, No. 3:05-cv-487-J-33 NCR, 2011 WL 6217053, at *16 (M.D. Fla. Dec. 14, 2011) (finding counsel's decision not to file a pretrial motion to suppress was trial strategy and not deficient).

In his reply, Movant claims as misplaced the Government's "results-oriented outcome" argument – *i.e.,* that because Mr. Brown-Bennett tried to achieve the best outcome for his client and, that had he filed an unsuccessful motion to suppress, Movant would have received a higher sentence. (Doc. 71). Instead, according to Movant, the Government failed to address Movant's argument that Mr. Brown-Bennett's representation was deficient because he *failed to advise* Movant about his right to file a motion to suppress, which would have allowed Movant to make a knowing decision to enter a plea or litigate. (*Id.* at 1-3). As will be discussed in the next section, even assuming for the sake of argument that Mr. Brown-Bennett's failure to advise Movant fell below the objective standard of reasonableness, Movant has still has not demonstrated that the outcome would have been different, or that a decision not to plead guilty would have been rational.

9

2.  *Movant Has Not Demonstrated Prejudice.*

Movant has not demonstrated that he was prejudiced by Mr. Brown-Bennett's failure to advise him of his right to file a motion to suppress principally because Movant has not demonstrated that he would have prevailed on the motion. The gist of the motion to suppress is that Movant was purportedly pulled over for failure to use his turn signal when switching lanes. Movant contends that he did use his turn signal and that at an evidentiary hearing he would have introduced police dash-cam video which would have confirmed he properly changed lanes. (Doc. 71 at 4). As a result, Movant contends, he would have shown that the officer who pulled him over lacked probable cause to perform the traffic stop and the fruits of the stop would have been suppressed.

Movant's focus on the turn signal, however, is unavailing. The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." *United States v. Allen*, 274 F. App'x 811, 817 (11th Cir. 2008). A traffic stop is reasonable and constitutional if it is based on either probable cause to believe that a traffic violation occurred or—as is significant here—there is reasonable suspicion that a crime has been or will be committed. *Id.* at 818. *See also United States v. Virden*, 488 F.3d 1317, 1321 (11th Cir. 2007) ("[T]he search and seizure of vehicles without a warrant is permissible when the police have probable cause to believe a vehicle

contains contraband" and "[p]robable cause exists when there is a fair probability that contraband or evidence of a crime will be found.").

Even if Movant used his turn signal, Mr. Brown-Bennett's testimony, which stands unrebutted, indicates that the police officer who conducted the traffic stop had at least reasonable suspicion, based on recorded conversations between Movant and an informant, that Movant was about to deliver drugs. *See, e.g., United States v. Moreno*, 559 F. App'x 940, 944-45 (11th Cir. 2014) (upholding search of defendant's car based on probable cause, where "[w]iretapped conversations showed that [defendant] was a major purchaser of cocaine and heroin, and a government informant had told the agents that [defendant] used the car for drug trafficking business. That was enough to provide a fair probability that the console created evidence of his drug trafficking."); *United States v. Longoria*, No. 1:08-cr-362-7-TWZ, 2009 WL 3366016, at *9 (N.D. Ga. Oct. 15, 2009) (finding information learned through interception of calls from wiretap and surveillance provided probable cause for warrantless search of defendant's truck since that information indicated that contraband would be in the truck). In other words, even if Movant successfully showed that he did not commit a traffic violation, his victory would have been pyrrhic, as there was also evidence that law enforcement knew that he was en route to a drug deal.

Undoubtedly, had Mr. Brown-Bennett advised Movant about filing a motion to suppress, he most likely would have counseled Movant that the motion would not succeed and that it could actually expose him to risk of a lengthier sentence because the Government would likely withdraw the favorable plea offer and bring additional charges increasing the quantity of drugs attributable to him.  Nor does Movant identify any defenses he would have raised at trial had his motion to suppress been denied.  As a result, Movant has not shown that had Mr. Brown-Bennett advised him about the right to file a motion to suppress there is a reasonable probability that he would have made any other decision but to enter the plea and cooperate with the Government.  *See Premo v. Moore*, 562 U.S. 115, 129 (2011) ("A defendant who accepts a plea bargain on counsel's advice does not necessarily suffer prejudice when his counsel fails to seek suppression of evidence, even if it would be reversible error for the court to admit that evidence."); *United States v. Jackson*, 596 F. Supp. 2d 124, 127 (D. D.C. 2009) ("[G]iven the lack of evidence that defendant would have succeeded at trial . . . defendant's guilty plea appears to have been the rational choice."); *cf. Hill v. Lockhart*, 474 U.S. 52, 59 (1985) (stating that "where the alleged error of counsel is a failure to advise the defendant of a potential affirmative defense to the crime charged, the resolution of the 'prejudice' inquiry will depend largely on whether the affirmative defense likely would have succeeded at trial"); *McConnell v. Woods*, No. 16-1437, 2016 WL 6775955, at *2 (6th Cir. Nov. 14, 2016) (finding

decision to reject plea agreement for murder to which defendant had confessed would not have been rational).

Likewise, it would not have been rational for Movant to have rejected the extremely favorable plea where he received a below-guideline range sentence of 51 months. Had he proceeded with an unsuccessful motion to suppress and went to trial with no clear defense, his sentencing exposure would have been significantly increased. Without any of the reductions he received, Movant's guideline range would have been between 91 and 121 months.[4] *See* U.S.S.G. Ch. 5 Part A (Sent. Table); U.S.S.G. §2D1.1(c)(5). Even worse, the lowest term of imprisonment he could have received would have been the mandatory minimum 120 months. 21 U.S.C. §841(b)(1)(A)(i). That sentence alone already would add nearly six years to the sentence Movant received under the plea agreement—more than doubling his sentence. What's more, life imprisonment is the statutory maximum, and Movant's sentence could dramatically have increased beyond that six years after a failed motion to suppress and a trial if the Government decided to bring additional charges and attribute more drugs to Movant based on the larger drug conspiracy. Under these circumstances, I cannot find that a rational person in Movant's situation would have rejected the plea. For these reasons, then, Movant has failed to demonstrate

---

[4] Movant's Criminal History category was I and his Base Offense Level would have been 30. (*See generally* PSR).

prejudice. *United States v. Miranda-Alfaro*, 462 F. App'x 935, 937 (11th Cir. 2012) (finding the movant could not demonstrate prejudice because a rational person would not have rejected a plea bargain where he received the "exceptional benefit" of lowering his sentence of imprisonment by eight years); *United States v. Mooneyham*, 580 F. App'x 657, 659-60 (10th Cir. 2014) ("Because Mr. Mooneyham has not identified facts indicating that a rational defendant might have preferred trial over the plea offer, he cannot show prejudice; thus, we reject the claim of ineffective assistance of counsel."); *United States v. Lewis*, No. 15-cr-335-WJM-2, 17-cv-53-WJM, 2018 WL 1456274, at *6 (D. Colo. Mar. 23, 2018) (defendant did not show that it would have been rational to go to trial where she entered a plea to possession with intent to distribute more than 50 grams of methamphetamine and received a 56-month term of imprisonment, because she presented no evidence of a defense she would have raised at trial and the potential penalty would have been at least the 120-month statutory minimum); *Jackson*, 596 F. Supp. 2d at 127 (rejecting defendant's claim that he would have gone to trial instead of entering a plea because, *inter alia*, a rational defendant would not do so based on the prospect for a significantly higher sentence absent defendant's cooperation with the government).

## IV.   CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing §2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse

to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. §2253(c)(2)."  28 U.S.C. §2253(c)(2) provides that a certificate of appealability ("COA") may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  In order for the certification requirement to fulfill its function of weeding out frivolous appeals, a court should not automatically issue a COA; rather, the applicant must prove "something more than the absence of frivolity" or "the existence of mere 'good faith' on his or her part."  *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (citations omitted).

Movant need not prove, however, that some jurists would grant the §2255 motion.  *See id.*  "The question is the debatability of the underlying constitutional claim, not the resolution of that debate."  *See Lamarca v. Secretary, Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009) (citing *Miller-El*, 537 U.S. at 325).  In other words, Movant need only demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). A certificate of appealability should be denied because jurists would not find "debatable or wrong" my determination that Movant did not receive ineffective assistance of counsel.  *See Slack*, 529 U.S. at 484.

## V. CONCLUSION

Based on the foregoing, the undersigned **RECOMMENDS** that the motion to vacate [Doc. 32] and a certificate of appealability be **DENIED**.

Movant's counsel has requested, on behalf of his client, that the Clerk not send a copy of this Report and Recommendation directly to Movant at his place of incarceration. According to counsel, Movant is concerned that if others learn of his cooperation with the government, it could pose a risk to his safety. Counsel represents that he will review the Court's ruling with this client. Accordingly, the Clerk is **DIRECTED** to **NOT MAIL** a copy of this Report and Recommendation or the accompanying service order directly to Movant at his address of record.

**IT IS SO RECOMMENDED** this 5th day of November, 2019.

_____
JOHN K. LARKINS III
UNITED STATES MAGISTRATE JUDGE