# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| ENRIQUE MEDINA MIRANDA, | : | |
|     Movant, | : | CRIMINAL ACTION NO. |
| | : | 1:17-CR-263-AT |
| v. | : | |
| | : | CIVIL ACTION NO. |
| UNITED STATES OF AMERICA, | : | 1:18-CV-2743-AT |
|     Respondent. | : | |

## **ORDER**

Presently before the Court is the Magistrate Judge's Report and Recommendation (R&R) recommending that the instant 28 U.S.C. § 2255 motion to vacate be denied. [Doc. 72]. Petitioner has filed his objections in response to the R&R. [Doc. 74].

A district judge has broad discretion to accept, reject, or modify a magistrate judge's proposed findings and recommendations. United States v. Raddatz, 447 U.S. 667, 680 (1980). Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews any portion of the Report and Recommendation that is the subject of a proper objection on a *de novo* basis and any non-objected portion under a "clearly erroneous" standard. "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988).

On October 12, 2017, Movant entered a negotiated plea of guilty in this Court to possession of heroin with the intent to distribute. [Doc. 23]. This Court imposed a sentence of 51 months. [Doc. 30].

Movant was arrested during a traffic stop by a Doraville, Georgia, police officer. The officer searched Movant's vehicle and found a paper bag that contained 1.68 kilograms of heroin. In his § 2255 motion, Movant contends that his trial counsel was ineffective for failing to file a motion to suppress the evidence found by the officer and for failing to file an appeal.[1]

The Magistrate Judge appointed counsel to represent Movant and held a hearing at which both Movant and his trial counsel testified. In his testimony, Movant stated that the Doraville police officer pulled him over for his failing to use his turn signal before changing lanes, but that he had, in fact, properly used his turn signal. Movant's trial counsel testified that, in investigating the case, he determined that Movant had been under surveillance by agents of the Drug Enforcement Agency, and that at the time of his arrest, the agents had probable cause to believe that Movant was en route to drug deal. In other words, even if the police officer did not have probable cause to pull Movant over for a traffic violation, probable cause nonetheless existed based on

---

[1] Movant has now withdrawn his claim that trial counsel was ineffective for failing to file an appeal.

the articulable suspicion that Movant was in the process of committing a crime. Movant's trial counsel further testified to his belief that by pleading guilty and cooperating with the Government, Movant could get a substantial reduction from the mandatory ten-year sentence that he faced and that such a favorable outcome was more likely than prevailing in a motion to suppress. Counsel also testified to his belief that if he filed a motion to suppress, the Government would have likely withdrawn the favorable offer.

Based on the testimony at the hearing, the Magistrate Judge found that trial counsel's decision not to file a motion to suppress was based on the following facts: (1) the Government had offered significant reductions based on Movant's cooperation and acceptance of responsibility; (2) if he filed a motion to suppress the Government would have withdrawn the favorable offer; (3) he believed the police had probable cause to stop Movant's vehicle; (4) the most favorable outcome would be by pursuing a plea with a cooperation agreement; and (5) with a plea Movant would be held accountable for only the drugs found in his car rather than a larger amount as part of a conspiracy.

Based on the fact that trial counsel was reasonably trying to achieve what he believed would be the most likely favorable outcome, the Magistrate Judge concluded that trial counsel had not been deficient, which is clearly demonstrated by the fact that

AO 72A
(Rev.8/82)

Movant received less than half of the mandatory minimum sentence he faced. See, e.g., United States v. Millender, 635 Fed. App'x 611, 616 (11th Cir. 2016) (finding counsel was not deficient for failing to file motion to suppress when the motion could have triggered "severe and negative consequences" such as additional charges and a lengthier sentence).

The Magistrate Judge further concluded that Movant's related claim that trial counsel failed to advise him that he could file a motion to suppress is unavailing because Movant cannot demonstrate prejudice. While Movant contends that he properly used his turn signal, he has failed to demonstrate that he would have prevailed with a motion to suppress because of the other indicia of probable cause.

In his objections, Movant contends that the Magistrate Judge omitted certain facts: (1) that trial counsel did not discuss the option of filing a motion to suppress with Movant, (2) that trial counsel never reviewed the dash cam video that was provided to him as a part of discovery, (3) "that the phone [that] law enforcement had been tracking (pinging) was not located in [Movant]'s car when he was stopped," (4) trial counsel testified that he did not know if Movant would have prevailed at trial, and (5) trial counsel conceded that the decision of whether to plead guilty should have been

4

AO 72A
(Rev.8/8
2)

left to Movant.[2]  Movant also argues that because (1) he did not violate a traffic law, (2) "there was no testimony that the person captured on the wiretap was [Movant]," and (3) Movant did not have the cell phone that law enforcement was tracking in his possession at the time that he was detained—supposedly indicating that law enforcement would not have known that the person they were tracking was the person that they pulled over—there was no probable cause to detain Movant.

At the outset, this Court notes that trial counsel testified that, while he did not specifically recall watching the dash cam video from the traffic stop and that he had no notes of having watched the video, his routine practice would have been to watch the video, and it was "highly likely" that he did. [Doc. 62 at 33]. Moreover, Movant did not place the dash cam video into evidence and there is no competent testimony in the record about what the video shows. As a result, we are left with Movant's unsupported testimony that he properly used his turn signal before changing lanes and his unconvincing arguments that law enforcement officers lacked probable cause to detain him based on their prior surveillance.

---

[2] This Court notes that Movant does not claim that his guilty plea was not knowing and voluntary. At the plea hearing, this Court carefully questioned Movant to insure that he understood the rights he was giving up by pleading guilty, and based upon his sworn answers, this Court accepted the guilty plea after determining that Movant's plea was given on a knowing, voluntary, and intelligent basis on the advice of competent counsel. [See generally Doc. 37 at 7-24].

AO 72A
(Rev.8/82)

Even if this Court were to take Movant at his word that he properly signaled his lane change and that trial counsel failed to have a conversation with Movant about a motion to suppress, he would still bear the burden of having to demonstrate prejudice. Prejudice in this instance means demonstrating a reasonable probability that he would have prevailed with a motion to suppress. However, pointing to a few factors that might—or might not—have affected the outcome of a determination of whether the police had probable cause to pull him over is not sufficient, and Movant presented no testimony that law enforcement officials did not know, based on their surveillance, who he was or what car he drove at the time of the traffic stop. This Court thus agrees with the Magistrate Judge that Movant has failed to establish prejudice, and his claim of ineffective assistance of counsel fails.

For the foregoing reasons, and after a de novo review of the record in light of Movant's objections, this Court concludes that the Magistrate Judge is correct. Accordingly, the R&R, [Doc. 72], is **ADOPTED** as the order of this Court, and Movant's 28 U.S.C. § 2255 motion to vacate, [Doc. 33], is **DENIED**.

This Court further agrees with the Magistrate Judge that Movant has not "made a substantial showing of the denial of a constitutional right," 28 U.S.C. §2253(c)(2), and a certificate of appealability is **DENIED**. As with the R&R, the Clerk is

AO 72A (Rev.8/82)

**DIRECTED** to **NOT MAIL** a copy of this order directly to Movant at his address of record. Counsel should review the Court's ruling with his client.

**IT IS SO ORDERED**, this 9th day of January, 2020.

_____
**AMY TOTENBERG**
**UNITED STATES DISTRICT JUDGE**